IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.  6:01-828–HMH |
| vs. | ) | C.A. No. 6:05-3382-HMH |
| | ) | |
| Jason Zion Hagood, | ) | |
| | ) | **OPINION & ORDER** |
| Movant. | ) | |

This matter is before the court on Jason Zion Hagood's ("Hagood") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons given below, the court dismisses Hagood's motion as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2002, Hagood pled guilty to conspiracy to possess with the intent to distribute and to distribute 50 grams or more of crack cocaine and less than 500 grams of cocaine.  On December 9, 2002, Hagood was sentenced to three hundred twenty-four (324) months' imprisonment, followed by five years' supervised release.  The judgment was entered on December 16, 2002.  Hagood appealed his sentence, and the United States Court of Appeals for the Fourth Circuit affirmed the sentence on June 24, 2003.  United States v. Hagood, No. 03-4010, 2003 WL 21456840 (4th Cir. June 24, 2003) (unpublished).  Hagood filed the instant § 2255 motion on December 1, 2005.[1]

---

[1]  See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF THE LAW

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (West Supp. 2005). After the Fourth Circuit ruled on his appeal, Hagood did not file a petition for certiorari. As such, the one-year statute of limitations for Hagood to file his § 2255 motion began when his right to seek further review in the United States Supreme Court expired, ninety days after the Fourth Circuit ruled on his appeal. Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). Therefore, under § 2255(1), Hagood had until September 23, 2004, to file his § 2255 motion. The instant § 2255 motion was filed on December 1, 2005. As such, Hagood's motion is time-barred under § 2255(1).

In addition, Hagood's claims are time-barred under § 2255(2) and § 2255(3). Hagood does not allege that any impediment created by the government prevented him from filing the instant motion. Further, there is no evidence of any impediment. In fact, Hagood admits that

> his motion is now only timely if the limitations period began to run from a date other than the date in which he was convicted. Hagood does not allege that he falls within the purview of either § 2255(2) or (3). Instead, he contends that the beginning of the applicable 1-year limitations period should be re-set to January, 2005 when ***United States v. Booker*, 543 U.S. \_\_\_, 125 S. Ct. 738 (2005)** was decided.

(§ 2255 Motion 13.)  Although Hagood claims that § 2255(3) does not support his untimely motion, he ultimately relies on § 2255(3) to try to justify his late § 2255 motion.  Hagood argues that the statute of limitations for his motion began when Booker was decided.  Two of Hagood's three claims raised in his § 2255 rely on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Booker:  (1) "[T]he facts supporting Hagood's exceptional sentence were neither admitted by him nor found by a jury, the sentence violated the sixth amendment right to a trial by jury; and (2) "[The courts'] [r]elying on prior convictions to enhance Hagood's sentence violated his Sixth Amendment right to a finding by the jury."  (§ 2255 Supplemental Mem. 21, 23.)

Hagood could have made any viable Apprendi argument on appeal.  By failing to raise the claim on appeal, the claim was procedurally defaulted.  United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001).  Nonetheless, Hagood could have raised the claim in a timely § 2255 motion and possibly could have shown cause and prejudice for failing to raise the claim on appeal.  Id.  However, because Hagood did not file a timely § 2255 motion and he admits that Apprendi was available to him when his case was before the court, Hagood's Apprendi claim is time-barred.  (Id. 20.)

Further, Hagood's argument that the Booker decision should start his time for filing his § 2255 and that Booker applies to his sentence is without merit.  The the rule announced in Booker does not apply retroactively to cases on collateral review.  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  As such, Booker does not permit Hagood's otherwise untimely § 2255 motion.

3

Finally, § 2255(4) does not permit Hagood to bring his motion. "Through the exercise of due diligence," Hagood could have discovered the facts supporting his third claim that the Government breached the plea agreement. 28 U.S.C. § 2255(4). In his § 2255 motion, Hagood alleges that the Government breached the plea agreement when it asked the court to enhance Hagood's base offense level based on an amount of drugs not agreed to and for conduct not admitted to or agreed upon. (§ 2255 Mot. 5.) However, Hagood knew the contents of the plea agreement, he had reviewed the Presentence Investigation Report, and he attended the sentencing hearing, all of which unequivocally put Hagood on notice of the Government's arguments for any sentencing enhancements. (Hagood Guilty Plea Trans. 19-20; Hagood Sent'g Trans. 2.) Moreover, Hagood contested his sentence on appeal, arguing that the court wrongly adjusted his sentence for being a leader in the conspiracy. See Hagood, 2003 WL 21456849, at *1. Accordingly, Hagood knew or was aware of all of the facts concerning his sentence in December 2002, when he was sentenced. As such, Hagood's motion is untimely under § 2255(4).

Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707. Hagood anticipated that the court

4

would dismiss his § 2255 motion as untimely, and argued for pages that his motion is timely under § 2255(4). The court has reviewed his motion and his arguments, and the court finds that it is indisputably clear that Hagood's motion is untimely.

It is therefore

**ORDERED** that Hagood's § 2255 motion is dismissed as time-barred.

**IT IS SO ORDERED**.

                                              s/ Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
January 19, 2006